United States District Court
Southern District of Texas

**ENTERED**

April 21, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ELIAS G. A., | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL NO. 1:26-CV-295 |
| | § | |
| WARDEN EL VALLE DETENTION | § | |
| FACILITY, | § | |
|     Respondent. | § | |

**<u>REPORT AND RECOMMENDATION TO DISMISS</u>**

**<u>HABEAS PETITION SUBJECT TO REFILING</u>**

To have jurisdiction over this filing, this Court must determine if Ana M. Gonzalez can act as Petitioner's next friend. On March 23, 2026, the Court issued an order requiring Petitioner and/or Ana M. Gonzalez to file a statement with the Court to show cause to that effect by April 6, 2026. Dkt. No. 6. No such statement has been filed. Because there has not been an adequate showing meeting the requirements for a next friend filing, it is recommended the Court dismiss the case without prejudice as this Court lacks jurisdiction to hear the next friend petition.

The federal habeas statutes provide an exception to the general rule that individuals who do not hold a law license may not represent other parties, known as "next friend" status. 28 U.S.C. § 2242; *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). However, "next friend" standing is not granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To proceed and properly establish a recognizable "next friend," Ana M. Gonzalez must: (1) explain why Petitioner cannot prosecute this case independently at this time; (2) establish that, as the "next friend," she is truly dedicated to the best interests of Petitioner; and (3) demonstrate a significant relationship to Petitioner. *Whitmore*, 496 U.S. 149 at 163. It is Ana M. Gonzalez's burden to establish "the propriety of her status and

1 / 3

thereby justify the jurisdiction of the court." *Id*. at 164. If she fails to do so, this Court is without jurisdiction, and the § 2241 Petition must be dismissed. *Id*.; see also *Weber*, F.2d at 514 (explaining that "when the application for habeas corpus filed by a would be "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition."); *Romanov v. Frink*, No. H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (J. Lake).  To succeed on a next friend application,  "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore*, 496 U. S. 149  at 163. "[T]hat explanation must be supported by relevant proof." *Soto v. Sowell*, No. CV H-25-1362, 2025 WL 2822000, at *3 (S.D. Tex. Oct. 3, 2025).

Ana M. Gonzalez fails to make an adequate showing. In fact, neither she nor Petitioner has filed a statement responsive to this court's order. Because of that, it is recommended that the Court **DISMISS** the "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. No. 1) for lack of jurisdiction without prejudice to refiling.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on April 21, 2026.

_Karen Betancourt_
Karen Betancourt
United States Magistrate